Merrimack
No. 7160

ERNEST WISWELL & *a.*

v.

PEMBROKE SCHOOL DISTRICT

November 28, 1975

656

*Perkins & Brock* and *Kevin L. Tucker (Mr. Tucker* orally) for the plaintiffs.

*Soule & Leslie (Mr. Lewis F. Soule* orally) for the defendant.

DUNCAN, J. The plaintiffs, as parents and guardians of children assigned to attend the first and third grades at Hill School in Pembroke, by this petition sought to enjoin the implementation of a change in school bus routes in Pembroke proposed by the district in September 1974. On September 4, 1974, the district was temporarily enjoined by *Bois,* J., from eliminating a bus stop at the intersection of Broadway and Fairview Street. Thereafter, the parties entered into an agreed statement of facts which also stipulated that if the proposed bus route is not required to be submitted to the State board of education for approval, the temporary injunction shall be vacated, but otherwise shall remain in force pending a hearing on the merits. The case was reserved and transferred by *Bois,* J., upon the agreed statement.

The agreed statement establishes that the plaintiffs all reside on the east side of Broadway, a two-lane public way, which is served by a sidewalk on the westerly side of Broadway from Fairview Street to High Street School, where under the proposed change in routes the pupils in question would board a bus to Hill School, located two-and-one-half miles from the plaintiffs' residences. In so doing the pupils would be required to walk a distance of approximately one-half mile to High Street School.

For at least five years prior to September 1973, the pupils boarded a bus to Hill School at the intersection of Broadway and Fairview Street. This required them to cross Broadway twice a day. In September 1973, bus stops were established on both sides of Broadway thus obviating the necessity of crossing that street.

The controlling statute (RSA 189:8) provides in pertinent part as follows: "Pupils entitled to transportation may be required to walk a distance not exceeding one and one-half miles to an established transportation line or a school bus line, the vehicle, route, and schedule of which shall have been approved by the State board of education, *or of one mile to other transportation.*" (Emphasis added.)

Thus it is evident that where a pupil is required to walk one mile or less to the point of departure, there is no requirement that the State board of education approve the route. In no case can a pupil be required to walk more than one-and-one-half miles to point of departure, and if required to walk in excess of one mile, the route

and schedule must be approved by the State board of education.

This interpretation follows logically from the statutory history. The original provisions governing transportation of public school students provided that students could be required to walk *up to one mile* from their homes to point of departure. There was then no requirement that the State board of education approve the bus routes. Laws 1919, 106:20 (3).

In 1933, the statute so far as pertinent to this case was amended to its present form (RSA 189:8) which plaintiffs contend requires prior approval of all school bus routes which require a pupil to walk up to one-and-one-half miles. Laws 1933, ch. 76. It appears from the history of the statute that when the legislature saw fit to increase beyond one mile the maximum distance which any student might be required to walk to a school bus, it required that the State board of education first approve routes involving the longer walking distances. However it retained the prior law with regard to pupils who walk one mile or less to point of departure, by not requiring that the State board of education approve such routes.

Since the plaintiffs' children will be required to walk only one-half mile to point of departure, approval by the State board of education is not required as a condition precedent to implementation of the proposed bus route by the district.

In accordance with the agreement of the parties the temporary injunction is vacated.

*Temporary injunction vacated; petition dismissed.*

KENISON, C.J., and GRIMES, J., did not sit; the others concurred.